UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Raphael Williams, Jr.,

                Plaintiff,        Case No. 25-13111

v.                                 Judith E. Levy
                                   United States District Judge

Private Mortgage Investment,
LLC, Series 49,                 Mag. Judge Curtis Ivy, Jr.

                Defendant.

_____/

## ORDER OF DISMISSAL

On November 17, 2025, *pro se* Plaintiff Raphael Williams, Jr. filed an amended complaint against Defendant Private Mortgage Investment, LLC, Series 49. (ECF No. 6.) Although his filing is titled, and resembles, a complaint, Plaintiff seeks to remove a state landlord–tenant action under 28 U.S.C. § 1452. (*Id.* at PageID.31.) He further asserts that he has a pending Chapter 13 bankruptcy case in the Eastern District of Michigan (No. 25-bk-45984), and that the state proceeding seeks to "obtain or enforce possession and/or to exercise control over property of the [bankruptcy] estate." (*Id.*) Plaintiff also requests that this matter be

referred to the U.S. Bankruptcy Court for the Eastern District of Michigan. (*Id.* at PageID.32.) For the reasons explained below, the Court dismisses the case for lack of jurisdiction under E.D. Mich. LR 83.50. There does not appear to be a case to remand to the state court or to the Bankruptcy Court.

The Court's jurisdiction to consider this matter has been referred to the bankruptcy court. Federal district courts have original, though not exclusive, jurisdiction over all cases and proceedings arising under, arising in, or related to the Bankruptcy Code. *See* 28 U.S.C. § 1334(b). That grant of jurisdiction, though broad, is only the starting point. Section 157(a) authorizes district courts to refer their § 1334 jurisdiction to bankruptcy judges. *See* 28 U.S.C. § 157(a). Under that authority, the United States District Court for the Eastern District of Michigan has referred all such matters to the Bankruptcy Court through Local Rule 83.50. *See Omega Tool Corp. v. AlixPartners, LLP*, 416 B.R. 315, 319 (E.D. Mich. 2009); E.D. Mich. LR 83.50(a)(1)–(3). Local Rule 83.50 provides that all cases and proceedings arising under the Bankruptcy Code, or arising in or related to a bankruptcy case, are automatically

referred to the Bankruptcy Court unless a district judge withdraws the reference. *See* E.D. Mich. LR 83.50(a).

Plaintiff alleges both a pending Chapter 13 proceeding and that the state-court action will affect the bankruptcy estate. These allegations place the matter squarely within the scope of Local Rule 83.50 because they arise in, or are related to, a bankruptcy case. In addition, Plaintiff's own request that the case be referred to a bankruptcy judge underscores that this matter falls within the scope of Local Rule 83.50. Accordingly, the Court lacks jurisdiction in this case.

For the reasons set forth above, this case is DISMISSED WITHOUT PREJUDICE pursuant to E.D. Mich. LR 83.50.

IT IS SO ORDERED.

Dated: November 21, 2025         s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 21, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager